## TWICHELL v. SMITH.

### No. 8641.

Court of Civil Appeals of Texas. Austin.

April 27, 1938.

S. C. Autry and M. E. Sedberry, both of San Angelo, for appellant.

Robert T. Neill and Glenn R. Lewis, both of San Angelo, for appellee.

McCLENDON, Chief Justice.

In a trial to the court without a jury Smith recovered judgment against Twichell for $823.31, the value of services (including $48.31 expenses) as expert accountant rendered by Smith to Twichell in connection with a lawsuit of the latter over an oil well in the Yates oil field. Twichell has appealed.

Three assignments of error are presented which we will consider in the inverse order of their presentation.

164

**1.** It is urged that the petition alleged an express agreement to pay for the services whereas there was no proof of such express agreement; therefore the evidence does not support the judgment. We do not construe the petition as alleging an express agreement to pay. The allegation was that Twichell "obtained and employed" Smith "to render certain services for defendant in connection with a certain lawsuit," etc., "and the defendant in employing the plaintiff agreed and became bound and obligated to pay plaintiff the reasonable value of said services and to reimburse the plaintiff" his reasonably necessary expenses. Even assuming, arguendo, that the word "agreed" taken alone imports an express agreement, the sentence in which it was used rather negatives, than affirms, that the agreement was express. The "agreement" and "obligation" to pay was "in employing plaintiff." One's services may be "obtained" or "employed" without an express agreement to pay their reasonable value. The factual controversy in this regard was over whether, on the one hand, Smith's employment was by Twichell, or whether, on the other hand, McKee employed Smith to assist him under McKee's employment by Twichell. If the latter (which was Twichell's contention) then there was no liability to Smith by Twichell. The evidence was sufficient to support either theory.

**2.** In addition to the services in connection with the lawsuit, Smith also sued for $100, the value of his services in connection with Twichell's income tax return. Error is assigned upon the exclusion of testimony to the effect that Smith made certain errors in the return. The evidence failed to show that the alleged services were contracted by Twichell. Smith thereupon in open court waived that portion of his claim and no part of it was included in the judgment. If erroneous, the exclusion of the evidence was harmless.

**3.** Smith wrote a letter to McKee inclosing a bill for $923.31 ($875 services plus $48.31 expenses). McKee sent this letter to Twichell, who wrote Smith agreeing to the amount and offering to pay Smith one-half of it. This Smith declined, contending that the bill rendered was for his services alone. Twichell contends that this correspondence constituted a binding agreement fixing the theretofore unliquidated claim of both Smith and McKee for services and expenses at $923.31, and therefore Smith could not in any event recover in excess of one-half that amount. Smith's letter to McKee read:

"I am enclosing herewith bill for Mr. Twichell for our services. As you know, I spent over two weeks time right out of my busiest month of the year on this job and paid my own expenses, and you also spent considerable time on the work, and while I feel in comparison with charges made by lawyers, etc., our services are worth at least $1500.00, I want Mr. Twichell to feel that the bill is fair. You know quite well that during the tax season, I earn from $35.00 to $100.00 per day, every day, Sundays included, from January 1st to March 31st.

"I hope you will be in position to forward me check for this bill in the next few days."

The inclosed bill read:

February 28, 1936.

"Mr. W. D. Twichell,
"Box 776,
"San Angelo, Texas.

| | |
|---|---|
| "Services in connection with Robertson and Greenwood suit and making income tax return for calendar year 1935 | $875.00 |
| "Expenses | 48.31 |
| "Total | $923.31." |

Twichell's letter to Smith follows:

"I have your bill for services which I see by your letter to E. B. McKee includes Mr. McKee's services with yours. You will recall that Mr. McKee was employed by me first to assist me with my income tax, and next to assist me in the accounting with Greenwood; and Mr. McKee took you in to assist him, as I now remember, because he found the Greenwood accounting complicated. On this basis I am presuming that you expect to divide the fee with Mr. McKee. On that basis I think $461.65 is entirely reasonable for your services. I would prefer to settle with you by check for the above amount and make a settlement with Mr. McKee personally."

It is very doubtful whether Smith's letter to McKee can be construed as an unconditional offer to accept $923.31 in full settlement for the services and expenses of both Smith and McKee. The last sentence of the letter seems to indicate that Smith expected to receive the whole amount for his services and expenses. Certainly the letter can not be interpreted as an offer on Smith's part to accept one-half the amount of the bill for his services and expenses.

Consequently there was no meeting of the minds of Smith and Twichell in that regard. Twichell's letter to Smith was therefore nothing more than a counter offer which was never accepted.

 Additionally there was no pleading to support the contention of a binding agreement as to the amount of Smith's compensation. Other than a general denial, Twichell's only defensive plea was to the effect that he had never employed Smith, but had employed McKee, who had employed Smith as his assistant; and that he (Twichell) had paid McKee for all services including those of Smith.

The trial court's judgment is affirmed.

Affirmed.